RIERA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1.ª, denegando la inscripción de una escritura de compraventa.

No. 311.—Resuelto en marzo 30, 1917.

COMPRAVENTA—VENTA POR CONTRIBUCIONES—DENEGATORIA DE INSCRIPCIÓN—INSCRIPCIÓN DEL CERTIFICADO DE VENTA.—Cuando presentada para su inscripción en el registro de la propiedad una escritura de compraventa de una finca otorgada por el primitivo dueño, aparece de una de sus cláusulas que la finca había sido vendida en procedimiento de apremio por contribuciones, el registrador está justificado en negarse a inscribir dicha escritura, pues lo expuesto en ella es obligatorio para los otorgantes porque de acuerdo con el artículo 18 de la Ley Hipotecaria el registrador debe calificar su legalidad por lo que de la misma resulte, sin que varíe el caso el hecho de que el certificado de venta otorgado al comprador en el remate por contribuciones no hubiera sido presentado para su inscripción.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Francisco Soto Gras.*

El Registrador recurrido, Sr. José S. Belaval, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La cláusula 4ª. de la escritura presentada en el registro para su inscripción mostraba en este caso que la finca letra

"A" fué vendida por El Pueblo de Puerto Rico a William H. Haylan en procedimiento de apremio para el pago de contribuciones, por cuyo motivo se negó el registrador a inscribir la venta hecha por el primitivo dueño al ahora recurrente. Aunque es verdad que el primitivo dueño y su causahabiente, que en el presente caso es el comprador, tienen derecho a redimir la finca dentro del término prescrito por la ley y quizás si hasta tienen otros derechos, la escritura tiende, sin embargo, a acreditar que el dueño legal nominal de la finca es William H. Haylan. Lo expresado en la escritura es obligatorio para el recurrente en lo que al registro concierne; porque de acuerdo con el artículo 18 de la Ley Hipotecaria los registradores calificarán la legalidad de las escrituras por lo que resulte de dichas escrituras. El caso es distinto del de *Graciani* v. *El Registrador de San Germán,* (pág. 44), en el cual resolvimos que el registrador no tenía el deber o derecho a hacer ninguna investigación fuera de la documentación de una determinada finca.

Y el caso no varía porque la escritura otorgada a favor de Haylan no esté registrada. La cláusula de la presente escritura es obligatoria para terceros. No podemos estar de acuerdo con el recurrente al alegar que la venta hecha a Haylan es meramente suspensiva del derecho del comprador. Es una condición resolutoria y el comprador únicamente puede adquirir un verdadero título redimiendo la propiedad. Esto puede verse con más claridad si suponemos que Haylan iba a presentar su escritura para ser inscrita. El registrador estaría obligado a registrarla sujeta al derecho de redención, suponiendo que no existieran defectos en la venta hecha a Haylan. Este tiene un derecho que puede convertirse en absoluto lo mismo que en un caso de venta con pacto de retro.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.